Margaret L. EVERETT and Richard Everett, Plaintiffs Below, Appellants,

v.

Ghassem A. NEJAD, M.D. and Orthopedic Associates, a professional association, Defendants Below, Appellees.

Supreme Court of Delaware.
Submitted: March 26, 1985.
Decided: May 21, 1985.

Robert G. Carey of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for plaintiffs below, appellants.

Jane R. Roth of Richards, Layton & Finger, Wilmington, for defendants below, appellees.

Before McNEILLY and MOORE, JJ., and HARTNETT, Vice-Chancellor.

McNEILLY, Justice:

This is an appeal from a jury verdict in a medical malpractice action, in favor of the defendants. The case was first submitted to a Malpractice Review Panel which issued an opinion in favor of the defendants. For reasons hereinafter explained, we affirm.

I

This case is a medical malpractice action based solely upon the alleged failure of the defendant, Dr. Nejad, to obtain the informed consent of plaintiff, Margaret Everett, before performing surgery.

In December, 1973, Dr. Nejad diagnosed Mrs. Everett as having deQuervain's Disease in her right wrist. DeQuervain's disease is a condition caused by constriction of the tendons of the hand. On December 24,

1973, Dr. Nejad performed surgery on Mrs. Everett's wrist to release the constriction on the tendon extending to her thumb. During the surgery, the superficial branch of the radial nerve was damaged or irritated.

On February 27, 1976, Mrs. Everett brought this suit against Dr. Nejad and his employer, Orthopedic Associates. The defendants filed a petition to convene a Malpractice Review Panel in accordance with the provisions of 18 *Del.C.* § 6802(b).[1] The Panel concluded: "[i]t is the unanimous opinion of the Panel that the evidence offered does not support the conclusion that the defendant failed to meet the applicable standard of care to obtain the informed consent of Mrs. Everett." After the Panel proceeding, the first trial in Superior Court resulted in a mistrial due to a deadlocked jury. In the second trial, the jury returned a verdict for the defendants from which the plaintiffs appeal.

Plaintiffs appeal to this Court (1) the admissibility of the Panel decision into evidence at trial and (2) the prejudicial effect of permitting Dr. Hogan, who participated in the Panel hearing and decision, to also testify as defendant's expert medical witness.

II

Plaintiffs contend that the Malpractice Review Panel's opinion should not have been admitted into evidence because it contained impermissible findings of fact not requiring expert testimony. Plaintiffs contend that such admissibility violates 18 *Del.C.* § 6811(b) and their constitutional right to have issues of fact determined by a jury.[2] Defendants counter, *inter alia,* that

---

1. 18 *Del.C.* § 6802(b) provides:

   In any civil action alleging malpractice at any time after the filing of an answer or any motion filed in lieu thereof, any party shall have the right to convene a malpractice review panel as herein provided by filing a demand therefor with the Prothonotary, all parties and the Commissioner, and the Commissioner shall promptly convene such panel upon such demand, provided that the Court

   may postpone the convening of such panel for good cause shown by any party.

2. 18 *Del.C.* § 6811(b) provides:

   The panel shall have the duty of making a finding as to whether or not in its opinion the evidence supports the conclusion that the defendant or defendants acted or failed to act within the applicable standards of care. After reviewing all evidence and after any hearing

plaintiffs have waived their contentions by their failure to file a timely motion for review pursuant to 18 *Del.C.* § 6811(d).[3] We agree with the defendants.[4]

Pursuant to 18 *Del.C.* § 6811(d), a motion for review of the Panel's opinion must be filed thirty days after the rendering of its opinion. Here, the Panel issued its opinion on May 31, 1977. It was not until 1981 when the plaintiffs sought review of the opinion. Therefore, plaintiffs failed to seek a timely review of the Panel's opinion. Plaintiffs contend that the procedural limitation of thirty days to file a motion for review must yield to their substantive and constitutional claims. We disagree. Plaintiffs waived their statutory claims under 18 *Del.C.* § 6811(b) and their constitutional claim to a trial by jury on all factual matters in dispute, by their failure to assert them within the thirty day requirement of § 6811(d).

■ In sum, by failing to timely seek a review of the Malpractice Review Panel's opinion, plaintiffs waived any objections to the admission of the opinion. The opinion was thereby properly admitted into evidence pursuant to 18 *Del.C.* § 6812.[5]

### III

Plaintiffs' second contention is that the Trial Court committed prejudicial and reversible error in permitting Dr. Hogan, who was a member of the Malpractice Review Panel, to thereafter testify as defendants' partisan medical expert witness.

■ Plaintiffs have failed to establish that they suffered any impermissible prejudice by a member of the Panel testifying as a defense witness. Moreover, any prejudice is difficult to conjecture since there was no mention at all to the jury that Dr. Hogan had been on the Panel. Dr. Hogan testified solely in his capacity as an Orthopedic Surgeon.

\* \* \*

AFFIRMED.

---

before the panel requested by any party, the panel shall, within 30 days, render to the Court a written opinion, including any minority opinion or opinions, signed by the chairperson expressing 1 or more of the following findings:

(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care;

(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care;

(3) There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the Court or jury, which issue of fact shall be identified in the opinion; or

(4) The conduct complained of was or was not a factor in the resultant damages, and if so, whether the plaintiff suffered:

a. Any disability and the extent and duration of the disability, and

b. Any permanent impairment and the percentage of the impairment.

Article I, § 4 of the Delaware Constitution provides that "[t]rial by jury shall be as heretofore."

3. 18 *Del.C.* § 6811(d) provides:

Any party aggrieved by the opinion of the panel shall have the right to review by the Superior Court of such opinion, and the evidence considered by the panel. Application for review by the Superior Court shall be by motion with a certified copy of the opinion attached, and shall state the grounds for objection thereto. Such motion shall be served by the movant on the Commissioner and the other parties to the action, the proof of such service to be as provided by the Rules of the Superior Court. *A motion for review shall be filed within 30 days after the rendering of the opinion by panel.* (emphasis added)

4. Plaintiffs' reliance upon *Robinson v. Mroz,* Del.Super., 433 A.2d 1051 (1981) for the proposition that factual findings outside the statutory scope of the Panel's authority must be stricken, is misplaced. *Robinson* did not consider or allow consideration of a motion to strike which was filed after the statutory deadline in § 6811(d).

5. 18 *Del.C.* § 6812 provides in relevant part:

The opinion reached by the malpractice review panel shall be admissible as prima facie evidence in the pending Superior Court action brought by the claimant, but such opinion shall not be conclusive and any party shall have the right to call, at said party's cost, any witness who appeared before or submitted reports to the malpractice review panel as a witness.