Thomas R. BROOKS, M.D. & Johnson, Brooks, Komins & Obstetrics & Gynecology Association, a Delaware Corporation, Defendants Below, Appellants,

v.

Edith E. JOHNSON, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: June 14, 1988.
Decided: May 8, 1989.

Victor F. Battaglia (argued), and Paul A. Bradley of Biggs & Battaglia, Wilmington, for appellants Thomas R. Brooks, M.D. and Johnson, Brooks, Komins and Obstetrics & Gynecology Ass'n.

David W. Lynch, Dept. of Justice, Wilmington, for intervenor Medical Malpractice Review Panel.

Ben T. Castle (argued), and Bruce L. Silverstein of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en Banc.

MOORE, Justice.

We accepted this interlocutory appeal because it presents the important question whether members of a medical malpractice review panel (the panel) may be subpoenaed, called as a witness, or deposed in companion litigation regarding their decisions. Edith Johnson sought to examine at trial members of a panel which had rendered a decision adverse to her. The Superior Court denied motions to quash the subpoena and for a protective order as well as a motion in limine filed by the defendants, Dr. Thomas R. Brooks and the Obstetrics and Gynecology Association. The Insurance Commissioner for the State of Delaware, who is charged by law to convene the panel, also appeared and filed a motion to quash. The court reasoned that the panel acts as an "expert witness" and may be treated as such. We disagree. Persons performing adjudicatory functions are not subject to examination in furtherance of the litigation objectives of the parties.

The statutory framework of the Health Care Malpractice Act (the Act), 18 *Del.C.* Ch. 68, provides an ample opportunity for parties to have full access to all materials obtained by or submitted to the panel, to rebut any such materials, to object to experts appointed by the panel, and to challenge in the Superior Court any opinion issued by the panel. There are no general issues of due process or equal protection as the statute meets constitutional standards.

Necessarily, we have had to reconsider our earlier opinion in *Everett v. Nejad,* Del.Supr., 493 A.2d 969 (1985), in which we permitted a panel member to later testify as an expert witness for the defendant. That holding is inconsistent with the views we express here. Accordingly, *Everett* is overruled, and the judgment of the Superior Court is reversed.

## I.

This case presents a purely legal question. Thus, the pertinent facts are few. Edith Johnson, the appellee, filed a medical malpractice action against Thomas R. Brooks, M.D. and his employing corporation of Obstetrics & Gynecology Association. The defendants requested a medical malpractice review panel hearing pursuant to 18 *Del.C.* § 6802(b) [1]. Following that hearing, the panel issued an opinion that Dr. Brooks had acted within the required standard of care. Neither party sought review of this decision by the Superior Court.

Thereafter, trial was scheduled for April 7, 1987. Shortly before that date Johnson informed Brooks and the other defendants that she intended to call as witnesses at trial all panel members, and that she intended to examine the panel chairman by deposition, as he would be unavailable for trial.

The defendants moved for a protective order under Superior Court Civil Rule 26(c), to limit such inquiries, and to quash subpoenas issued to panel members. The Insurance Commissioner, through the Attorney General, also moved to quash the subpoenas. The Superior Court heard arguments on the motions, and denied the same, holding that members of the panel may be called as witnesses at trial or deposed just as any other "expert witness."

The defendants argue that no party should be permitted to subpoena, or examine, or otherwise call as an involuntary witness, any member of the panel to question their deliberative processes.

## II.

The issue here is a purely legal question. As such, it is subject to *de novo* review.

1. The provisions of 18 *Del.C.* § 6802(b) state:
   In any civil action alleging malpractice at any time after the filing of an answer or any motion filed in lieu thereof, any party shall have the right to convene a malpractice review panel as herein provided by filing a demand therefor with the Prothonotary, all parties and the Commissioner, and the Commissioner shall promptly convene such panel upon such demand, provided that the Court may postpone the convening of such panel for good cause shown by any party.

*Nardo v. Nardo*, Del.Supr., 209 A.2d 905 (1965).

Our analysis begins with an overview of the Health Care Malpractice Act, 18 *Del.C.* Ch. 68 (Supp.1986). In 1976, responding to an apparent crisis in the health care industry, the General Assembly adopted a statutory framework to provide liability insurance for health care providers, and to afford aggrieved patients a mechanism for efficiently and fairly vindicating their rights against negligent health care providers. *See* 60 Del.Laws ch. 373 (1976) (Preamble); *Lacy v. Green*, Del.Super., 428 A.2d 1171, 1174 (1981).

Subchapter III of that Act established medical malpractice review panels. By the terms of subchapter III, any party to a civil medical malpractice action may request that a panel be convened to review the case before trial. 18 *Del.C.* § 6802(b). See note 1, *supra.* The composition and selection of the panel is governed by sections 6804 and 6805 respectively. The parties submit evidence to the panel once it convenes, and thereafter either party or the panel may request a hearing. 18 *Del.C.* §§ 6807, 6808.

The remaining provisions of Subchapter III govern the panel's duties and rights, including the appointment and compensation of expert witnesses; the effect of an opinion by the panel; and the rights of the parties respecting the evidence and opinions adduced. 18 *Del.C.* §§ 6809–6812. Collectively these provisions furnish an adequate opportunity for the parties to gain full access to all material obtained by or submitted to the panel. More importantly, the parties are afforded an opportunity to rebut any such materials, to object to experts, and to challenge in Superior Court any opinion issued by the panel.

### III.

The parties to a malpractice review proceeding have access to all evidence and information pertinent to the proceeding. The statute provides:

> Both parties shall have full access to any material obtained by or submitted to the panel and shall be given a reasonable opportunity to rebut any such materials submitted to the panel.

18 *Del.C.* § 6809. Moreover, the panel is required to render an opinion stating the grounds upon which it is based, and further specifically identifying the "persons, texts or other authorities which were consulted by the panel in reaching its conclusion." 18 *Del.C.* § 6811(c).

Additionally, a party is permitted to challenge or rebut all materials presented to the panel. 18 *Del.C.* § 6809. This includes the right to object to the appointment of experts by the panel. 18 *Del.C.* § 6810. If a party is dissatisfied with the panel's rulings on their objections, or with the panel's ultimate decision, then he or she may seek review of the opinion or evidence by the Superior Court 18 *Del.C.* § 6811(d). If the evidentiary ruling or opinion is legally incorrect, or not supported by substantial evidence, the Superior Court may strike it. 18 *Del.C.* § 6811(e). *See also Robinson v. Mroz*, Del.Super., 433 A.2d 1051 (1981) (effect of Superior Court's striking of panel opinion or any portion thereof, is to deny *prima facie* status at trial of such opinion which is otherwise afforded under 18 *Del.C.* § 6812).

Finally, even if the party seeking review by the Superior Court is unsuccessful in his or her challenge, the statute permits that party to call any witness at trial who appeared before or submitted reports to the panel as a witness. 18 *Del.C.* § 6812. Additionally, all evidence presented or considered in a hearing before the panel automatically becomes a part of the record at trial. 18 *Del.C.* § 6807. Thus, the parties are given a second opportunity to rebut evidence, cross-examine witnesses, and to challenge the Panel's opinion.

### IV.

We think it clear from the foregoing that the General Assembly provided, within the statutory framework, the right of a party to challenge any evidence presented to the panel or even the ultimate conclusion of the panel. To thereafter subject the members of a panel to pre-trial or trial interrogation would be superfluous, and would in effect

place them on trial. Persons are on the panel to serve the judicial system, not to be tried by it. Furthermore, such a procedure would be contrary to the stated purpose of the Act, which is to provide expeditious proceedings to litigants. Since the parties have ample opportunity to rebut, challenge or discredit the panel's opinions, including the bases thereof, no further confrontation is appropriate.

In performing their duties under the Act, panel members are serving as adjudicatory officials. While not judges, they are nonetheless required to hear and weigh evidence, make findings and "decide all matters before [them]" in connection with a judicial proceeding. 18 *Del.C.* § 6811. Their opinions become a part of the record and are subject to further review by the Superior Court.

As we have noted in another context, in an observation which is equally applicable here, persons performing adjudicatory functions have no cognizable personal interest before a higher tribunal in seeking to have their rulings sustained. See *Wilmington Trust Co. v. Barron,* Del.Supr., 470 A.2d 257, 261–62 (1983). Likewise, it is most irregular to subject adjudicatory officials to pre-trial or trial interrogation regarding their mental or decisional processes in the proper performance of their official duties.

Given the Act's broad review protections, we cannot agree that denying a party the right to subpoena or examine a panel member raises any constitutional issues. Indeed, the Act has previously withstood challenge on due process and equal protection grounds. *DiFilippo v. Beck,* 520 F.Supp. 1009 (D.Del.1981); *Lacy v. Green,* 428 A.2d 1171 (1981). Specifically, in *DiFilippo* the court found that the introduction of the panel's opinion into evidence did not violate due process because the parties were given ample opportunity before and during trial to refute the evidence, and to cross-examine witnesses relied upon by the panel. While *DiFilippo* did not involve the question we confront here, we think the analysis of that case sustains the Act's constitutional validity under present circumstances.

V.

Appellees contend that *Everett v. Nejad,* Del.Supr., 493 A.2d 969 (1985) is controlling. In *Everett* a member of the panel later testified voluntarily for the defendant as an expert witness, but not regarding his role as a panel member. What occurred in *Everett* may call into legitimate question the independence of panel members, and thus impugn the objectives of the Act. If panel members are voluntarily permitted to testify at trial, the sanctity of the panel's deliberations is subject to exposure during cross-examination, if not before. This is not something that should be left to each panel member to decide. Since *Everett* can only be fairly read as permitting a panel member to testify unless the objector can show resulting prejudice, it is inconsistent with the views we express today. Given the purposes of the Act, and the adjudicatory functions which the panels serve, any testimony by a panel member in the same litigation is inappropriate. Accordingly, we overrule *Everett.*

The judgment of the Superior Court is REVERSED.