ROBIN R. McINTYRE, Claimant/Appellant Below-Appellant,
v.
UNEMPLOYMENT INSURANCE APPEAL BOARD, Appellee.
No. 270, 2008
Supreme Court of Delaware.
Submitted: October 3, 2008
Decided: November 18, 2008
Before HOLLAND, BERGER and RIDGELY, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 18th day of November 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The claimant-appellant, Robin R. McIntyre, filed an appeal from the Superior Court's April 29, 2008, order affirming the decision of the Unemployment Insurance Appeal Board ("UIAB") that found McIntyre disqualified from receiving unemployment benefits. We find no merit to the appeal. Accordingly, we affirm.
(2) In October 2006, McIntyre filed a claim for unemployment benefits. He was found by a Department of Labor Claims Deputy to be disqualified from receiving benefits on December 11, 2006. On August 26, 2007, McIntyre filed a second claim for benefits stating that he had not returned to work since he was first denied benefits in December 2006. A Claims Deputy again found that McIntyre was disqualified from receiving benefits, since he had failed to prove that he had earned four times his weekly benefit of $330 (or $1,320) and had worked for four weeks, as required under Del. Code Ann. tit. 19, § 3314(2). On November 7, 2007, the Appeals Referee affirmed the decision of the Claims Deputy and on November 30, 2007, the UIAB affirmed the decision of the Appeals Referee.
(3) McIntyre then appealed to the Superior Court, asserting that he should have been found to be qualified for unemployment benefits because he had earned $1,475 over a period of three weeks. McIntyre did not support his assertion with any documentation. After concluding that the findings of the UIAB were supported by substantial evidence in the record and that the decision was free from legal error, the Superior Court affirmed the decision of the UIAB.
(4) In this appeal, McIntyre claims that the Superior Court improperly affirmed the decision of the UIAB because (a) he qualified for unemployment benefits under the statute and (b) the UIAB failed to file an answering brief, entitling him to a default judgment.
(5) Upon appeal from the Superior Court's affirmance of a UIAB decision, this Court's review is limited to a determination of whether there was substantial evidence to support the UIAB's findings of fact and whether the decision is free from legal error.[1] Under Del. Code Ann. tit. 19, § 3314(2), an individual is disqualified from receiving unemployment benefits "[f]or the week in which [he] was discharged . . . and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages . . . equal to not less than 4 times the weekly benefit amount."
(6) While McIntyre argued in the Superior Court that he had earned $1,475, which amounts to more than four times his weekly benefit, he offered no evidence to support that argument. Nor did he present any evidence that he had worked for the statutorily required four-week period. In the absence of evidence that McIntyre had presented any support for his claims to the Claims Deputy, the Appeals Referee or the UIAB, the Superior Court had no choice but to conclude that McIntyre had properly been disqualified from receiving unemployment benefits. As such, we conclude that the Superior Court's decision affirming the decision of the UIAB must be affirmed.[2]
(7) McIntyre's second claim is that the Superior Court should have entered a default judgment in his favor because the UIAB did not file an answering brief in the Superior Court. The record reflects that the State of Delaware, on behalf of the UIAB, notified the Superior Court by letter dated April 15, 2008, that it did not intend to take a position on the merits of McIntyre's appeal on the ground that the UIAB has no cognizable interest in seeking to have its rulings sustained.[3] The Superior Court subsequently issued its decision affirming the UIAB.
(8) Under Superior Court Civil Rule 107(e), the Superior Court has discretion to decide the merits of an appeal where a non-appealing party declines to file an answering brief. In this case, the State of Delaware, on behalf of the UIAB, properly took the position that, as the administrative body adjudicating McIntyre's appeal from the decision of the Appeals Referee, the UIAB had no interest in the outcome of the Superior Court's decision and, therefore, would not participate in the briefing on appeal.[4] In the absence of any evidence that the Superior Court abused its discretion when it decided McIntyre's appeal solely on the basis of his brief, we conclude that McIntyre's claim is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 19, § 3323(a); Unemployment Ins. Appeal Bd. v. Duncan, 337 A.2d 308, 309 (Del. 1975);
[2] In his appeal to this Court, McIntyre attaches to his opening brief copies of two checks in the total amount of $1,475 "as proof of employment." Because he did not present this documentation to the Superior Court (or the Claims Deputy, the Appeals Referee or the UIAB) in the first instance, we decline to consider it in this appeal. Supr. Ct. R. 8.
[3] Wilmington Trust Co. v. Barron, 470 A.2d 257, 261 (Del. 1983). See also Brooks v. Johnson, 560 A.2d 1001, 1004 (Del. 1989).
[4] Id.