IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONNIE MILLER, | § | |
| | § | No. 141, 2014 |
| Appellant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| BBSI and UNEMPLOYMENT | § | in and for Kent County |
| INSURANCE APPEAL BOARD, | § | C.A. No. K13A-10-004 |
| | § | |
| Appellees Below- | § | |
| Appellees. | § | |

Submitted: July 25, 2014
Decided: August 26, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 26th day of August 2014, upon consideration of the appellant's opening brief, the answering brief of the Unemployment Insurance Appeal Board and the record below,[1] it appears to the Court that:

(1) The appellant, Connie Miller, filed this appeal from the Superior Court's order affirming the Unemployment Insurance Appeal Board's ("UIAB") denial of Miller's request for a rehearing. We find no merit to the appeal. Accordingly, we affirm.

---

[1] BBSI did not file an answering brief and the appellant did not file a reply brief.

(2) The record reflects that Miller worked as a production line worker at Playtex as an employee of BBSI, an employment agency. On April 9, 2013, Miller left the production line to file a complaint with the Playtex Human Resources Department regarding a Playtex employee. Miller had previously been warned to contact BBSI regarding any work issues and not Playtex. When Miller returned to his work area, he was suspended for leaving the line. BBSI told Miller it would investigate the matter and not to contact Playtex. Despite this instruction, Miller contacted a Playtex supervisor and a co-worker during work hours. BBSI terminated Miller for insubordination and improper contact with Playtex.

(3) Miller filed a claim for unemployment benefits with the Department of Labor. On May 29, 2013, a Claims Deputy disqualified Miller from receiving unemployment benefits because he was terminated for just cause under 19 *Del. C.* § 3314(2). Miller timely appealed the decision and an Appeals Referee conducted a telephone hearing on June 19, 2013. The Appeals Referee heard the testimony of Miller and a BBSI representative. In a decision dated June 27, 2013, the Appeals Referee affirmed the decision of the Claims Deputy.

(4) Miller filed a timely appeal of the Appeals Referee's decision to the UIAB. A hearing was scheduled for September 4, 2013. The notice of the hearing was mailed to Miller at the same address that previous notices had been mailed to. The notice stated that failure to appear for the hearing could result in dismissal of

2

the appeal. Miller failed to appear for the September 4, 2013 hearing. The UIAB dismissed Miller's appeal because he failed to appear and prosecute his appeal.

(5) On September 5, 2013, the UIAB's dismissal of the appeal was mailed to Miller. The dismissal stated that the decision became final on September 15, 2013. On October 1, 2013, Miller requested a rehearing due to mail issues and provided two United States Postal Service change of address forms showing his name and the changing of his address in August 2013.

(6) On October 2, 2013, the UIAB reviewed Miller's request for a rehearing. The UIAB reviewed the determination of the Claims Deputy that Miller was terminated for cause, the hearing before the Appeals Referee, the decision of the Appeals Referee, and the dismissal of Miller's appeal. The UIAB found that Miller's request for a rehearing was untimely because it was made after the September 5, 2013 dismissal became final. The UIAB chose not to exercise its discretion to accept an untimely appeal *sua sponte*.

(7) Miller timely appealed the UIAB's denial of his request for a rehearing to the Superior Court. Miller argued that he was not terminated for cause and that he did not receive the notice of the September 4, 2013 hearing because his ex-wife tampered with his mail. In an order dated March 13, 2014, the Superior Court affirmed the UIAB's denial of Miller's request for a rehearing.[2] Relying on

---

[2] *Miller v. BBSI*, 2014 WL 1155364 (Del. Super. Mar. 13, 2014).

3

*Funk v. Unemployment Insurance Appeal Board,*[3] the Superior Court found that Miller should have realized long before October 1, 2013 that there was something wrong when he did not receive anything after his appeal of the Appeals Referee's June 27, 2013 decision and that there was no evidence of an error or mistake by the Department of Labor in the mailing of the September 4, 2013 hearing notice.[4]

(8) On March 18, 2014, Miller filed a timely appeal of the Superior Court's order. Miller claims that he did not receive notice of the September 4, 2013 hearing because his wife forged his signature on a United States Postal Service change of address form and that he was not terminated for cause. The UIAB contends that the denial of Miller's untimely request for a rehearing was supported by substantial evidence and free from legal error.

(9) Upon appeal from the Superior Court's affirmance of a UIAB decision, this Court's review is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[5] This Court will not weigh the evidence, determine questions of credibility, or make its

---

[3] 591 A.2d 222 (Del. 1991).

[4] *Id.* at *2.

[5] *McIntyre v. Unemployment Ins. Appeal Bd.*, 2008 WL 4918217, at *1 (Del. Nov. 18, 2008); *Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

4

own factual findings.[6] Absent an error of law, we review a board decision for abuse of discretion.[7]

(10) After the UIAB dismissed Miller's appeal on September 4, 2013, Miller could have requested a rehearing before the dismissal became final[8] or appealed the dismissal to the Superior Court within ten days after the decision became final.[9] The UIAB's dismissal of Miller's appeal became final on September 15, 2013. Thus, by the time Miller requested a rehearing on October 1, 2013, the dismissal had already become final and the time for Miller to appeal the dismissal to the Superior Court had expired. The UIAB may exercise its discretion to "affirm, modify, or reverse any decision of an appeal tribunal…or…permit any of the parties to such decision to initiate further appeal before it,"[10] but such discretion is exercised rarely and only in cases where there has been administrative

---

[6] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[7] *Id.*

[8] 19 *Del. Admin. C.* § 1201-7.0 ("At any time subsequent to a Board decision but prior to the Board's decision becoming final, any party to the appeal may request by motion, with notice to all parties, a rehearing before the Board.").

[9] 19 *Del. C.* § 3323(a) ("Within 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court….").

[10] 19 *Del. C.* § 3320(a).

error by the Department of Labor that deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served.[11]

(11) We have carefully reviewed the record in this case and conclude that the UIAB's denial of Miller's untimely request for a rehearing is supported by the evidence and free from legal error. There is no evidence of administrative error by the Department of Labor that deprived Miller of the ability to appear at the September 4, 2013 hearing or to file a timely motion for rehearing. Miller claims his ex-wife caused his mail to be forwarded to a different address, but he should have realized sooner than October 1, 2013 that he was not receiving mail and that he had not received anything from the UIAB since appealing the Appeals Referee's June 27, 2013 decision. The interests of justice did not require the UIAB to exercise its discretion and hear an untimely appeal *sua sponte*. Accordingly, the Superior Court's March 13, 2014 order must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[11] *Funk*, 591 A.2d at 225.

6