# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ALBERTA BOWERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N14A-09-009 CLS |
| | ) | |
| PROFESSIONAL | ) | |
| TRANSPORTATION, INC. and | ) | |
| UNEMPLOYMENT | ) | |
| INSURANCE APPEALS BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

On Appeal from the Decision of the Unemployment Insurance Appeals Board.
**REMANDED.**

## ORDER

Alberta Bowers, *pro se* Appellant.

Professional Transportation, Inc., 3700 E. Morgan Avenue, Evansville, Indiana, 47715.
Appellee.

Paige J. Schmittinger, Esq., Delaware Department of Justice, 820 North French Street,
Wilmington, Delaware 19801.  Attorney for Appellee, Division of Unemployment
Insurance Appeals Board.

**Scott, J.**

On this 11th day of May, 2015, upon consideration of the Appellant's appeal from a decision of the Unemployment Insurance Appeals Board ("Board"), the Court finds as follows:

1. Alberta Bowers ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board (the "Board") affirming the decision of the Appeals Referee ("Referee") and finding that Appellant was discharged for just cause in connection with her employment from Professional Transportation, Inc. ("Employer").

2. Before the Appeals Referee, Employer testified that its policy dictates that a driver may not have any driver's license suspensions or revocations within the last five years otherwise they are unable to remain employed as a driver.[1] Employer also testified that its runs a Motor Vehicle Report ("MVR") check at the time an employee is hired.[2] Furthermore, Employer testified that its policy is that any time there is an accident involving one of its drivers and a work vehicle that an MVR is then run again for clarification of the status of the license of that particular driver.[3] Both at the Referee and Boarding hearings, Appellant testified that she disclosed that she had two driver's license suspensions within the last five years on her employment application for Employer. At the Board hearing, the representative for Employer testified that

---

[1] Record at 23.
[2] *Id.* at 26.
[3] *Id.* at 23.

he had no personal involvement in Appellant's hiring.[4] He also testified that he was not aware of whether Appellant's prior suspensions were disclosed at the time of her hiring.[5]

3. Pursuant to Employer's policy, Appellant's MVR was run in order to verify the status of her driver's license after she was involved in an accident with her work vehicle on March 10, 2014. On March 18, 2014, Appellant was terminated based on the results of that MVR indicating that Appellant had a suspended driver's license within the previous five years. Appellant had a prior accident during her employment with Employer, on August 17, 2013, the MVR check for which Employer's records list as "pending" at the time Appellant was terminated in March of 2014.[6]

4. The Referee found that Appellant had not previously disclosed the suspensions on her driver's license to Employer, and that Employer became aware of those suspensions as a result of the MVR run after Appellant's March 10, 2014 accident.[7] For those reasons, the Referee found Appellant was terminated for just cause.[8] The Board affirmed the Referee's determinations. Moreover, the Board found that, while Appellant testified that Employer was aware of her license suspensions prior to her hiring, "the record is devoid of evidence that

---

[4] *Id.* at 50.
[5] *Id.*
[6] *Id.* at 8.
[7] *Id.* at 36.
[8] *Id.* at 37.

3

supports that contention."[9]  The Board also held that "[i]n the absence of corroborating documentation, the Board found Employer's contention that they did not have advanced knowledge of these violations to be credible."[10]

5. On this appeal, and the proceedings below, Appellant argues that Employer was aware of the suspensions on her license at the time of her hiring.  As support for this argument, Appellant consistently asserts that: (1) Employer did not submit Appellant's application for employment at any proceeding, (2) Employer ran an MVR driving record check on Appellant upon hiring her, (3) Employer knew that Appellant's license had been suspended within five years prior to/at the time of hiring her, and (4) Employer violated its own policy by hiring Appellant knowing that her license had been suspended within five years.  Employer did not participate on this appeal.[11]

6. On appeal from the Unemployment Insurance Appeal Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record, free from legal error and was not the product of a capricious disregard of competent evidence.[12]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

[9] *Id.* at 51.
[10] *Id.*
[11] *McIntyre v. Unemp't Ins.App. Bd.,* 962 A.2d 917, *2 (Del. 2008) (TABLE) ("Under Superior Court Civil Rule 107(e), the Superior Court has discretion to decide the merits of an appeal where a non-appealing party declines to file an answering brief.").
[12] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450 *1(Del. Super. Aug.24, 2011); *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del. 1993).

support a conclusion."[13] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[14] The Court does not "weigh evidence, determine questions of credibility or make its own factual findings."[15] The Court reviews questions of law *de novo* to determine "whether the Board erred in formulating or applying legal precepts."[16] Where, as in this case, the Board adopts the factual findings of an Appeals Referee, this Court will also review the Appeals Referee's findings of fact and conclusions of law.[17]

7. An employer has the burden of proof by a preponderance of the evidence where an employee was discharged for "just cause."[18] Just cause for termination exists where a claimant committed a willful or wanton action in violation of either the employer's interests or of the employee's expected standard of conduct.[19] Therefore, this Court's review on appeal is limited to whether there was substantial evidence to support the Board's finding that Employer met its burden of proof in showing "just cause" for Appellant's termination.

---

[13] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (1981)).

[14] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[15] *Id*. at 67.

[16] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).

[17] *See Boughton v. Div. of Unemployment Ins. of Dep't of Labor,* 300 A.2d 25, 26 (Del. Super. 1972).

[18] *Price v. Blue Plate Diner*, 2003 WL 21537924, *2 (Del. Super. Apr. 4, 2003).

[19] *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972).

8. The Court finds that there was not substantial evidence to support the Board's finding that Appellant was terminated for just cause, and that the Board erred as a matter of law when it shifted the burden of proof from Employer to Appellant. The sole basis for the Board's finding that Employer had satisfied its burden of proof was Employer's testimony before the Referee that it was not aware of Appellant's license suspensions prior to the MVR run subsequent to the March 10, 2014 accident. At both the Referee and Board hearings, Appellant made reference to her employment application for Employer in support of her argument that Employer was aware of her license suspensions at the time of her hiring. Yet, the only documentation submitted at either proceeding regarding notice to Employer of Appellant's prior license suspensions is Appellant's MVR run for her March 10, 2014 accident. Appellant's employment application with Employer, a record traditionally retained by an employer, is not in the record. Nor is there documentation of the MVR for Appellant at the time she was hired, in accordance with Employer's policy, or the MVR for Appellant as a result of Appellant's accident during her employment six months earlier.[20] The Board disregarded Appellant's reference to documentary evidence supporting her argument because Appellant did not produce her employment application, despite the

---

[20] Both of those records would also be obtained and held by Employer.

facts that the burden of proof was on Employer to offer evidence in support of just cause and employment applications are retained by employers.

9. For these reasons, the Court finds that the Board's decision, finding just cause for termination, is not supported by substantial evidence. Furthermore, the Court finds that the Board erred as a matter of law when it improperly shifted the burden of proof from Employer to Appellant by disregarding Appellant's valid reference to documentary evidence held by Employer. Accordingly, the Board's decision is **REMANDED** with the instruction to complete the record with Appellant's employment application for Employer, as well as any similar documentary evidence that may be held by Employer which supports whether or not Employer had knowledge of Appellant's prior license suspensions at the time of her hiring.

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**