BEEBE MEDICAL CENTER, INC., Third Party Below-Appellant,
v.
ROBERT VILLARE, M.D., Plaintiff Below-Appellee, and
JAMES P. MARVEL, M.D., Defendant Below.
No. 108, 2008.
Supreme Court of Delaware
Submitted: May 2, 2008.
Decided: May 20, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 20th day of May 2008, it appears to the Court that:
(1) The appellant, Beebe Medical Center, filed an appeal from the Superior Court's January 28, 2008 order granting in part and denying in part its motion for a protective order. Plaintiff-appellee Robert Villare, M.D., has moved to dismiss the appeal on the ground that Beebe lacks standing to appeal and improperly filed an appeal from an interlocutory order without complying with the requirements of Supreme Court Rule 42. In response to the motion, Beebe argues that it is not required to follow the procedure for interlocutory appeals contained in Rule 42 because its appeal is from a collateral order and is, therefore, subject to immediate appellate review. We disagree and, therefore, grant the motion to dismiss.
(2) In this Superior Court action, Robert Villare, M.D., asserts claims of defamation and tortious interference with business relationships against James P. Marvel, M.D. In 2007, Villare issued a subpoena requesting that Beebe, a non-party, produce several "trauma variant reports" documenting reported irregularities in patient care at Beebe's trauma unit. Beebe filed a motion to quash the subpoena and a motion for a protective order on the grounds that the documents requested were irrelevant to the issues in the case and were protected from discovery under the Peer Review Statute.[1] Under that statute, "the records and proceedings of committees and organizations [whose function is the review of medical records, medical care, and physicians' work, with a view to the quality of care][2] are confidential. . . . The records and proceedings are not public records and are not available for court subpoena, nor are they subject to discovery."[3]
(3) On January 28, 2008, after conducting an in camera review of the trauma variant reports, the Superior Court entered an order ruling that certain reports were protected from discovery under the statute, but that others, which were purely administrative in nature, were not. The collateral order doctrine provides that orders which a) determine matters independent of the issues involved in the proceeding itself, b) bind persons who are non-parties in the underlying proceeding, and c) have a substantial, continuing effect on important rights are final and subject to immediate appellate review.[4] The Superior Court's January 28, 2008 order, while invoking the Peer Review Statute, resolves what is essentially a limited discovery dispute. Because we are not persuaded that the order will have "a substantial, continuing effect on important rights," the collateral order doctrine is inapplicable. Therefore, we have no jurisdiction in this matter, and Beebe's appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED. Beebe's appeal is DISMISSED.
NOTES
[1] Del. Code Ann. tit. 24, § 1768.
[2] Del. Code Ann. tit. 24, § 1768(a).
[3] Del. Code Ann. tit. 24, § 1768(b).
[4] Gannett Co., Inc. v. State, 565 A.2d 895, 900 (Del. 1989) (quoting United States v. Schiavo, 504 F. 2d 1, 5 (3d Cir.), cert. denied, 419 U.S. 1096 (1974)).