# IN THE SUPREME COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SEAN J. GRIFFITH, | § | |
| | § | |
| | § | Nos. 331, 2019 and 332, 2019 |
| Objector Below, | § | |
| Appellant, | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2017-0354-SG |
| SHIVA STEIN, derivatively on | § | |
| behalf of The Goldman Sachs Group, | § | |
| Inc., and individually as a | § | |
| Stockholder of The Goldman Sachs | § | |
| Group, Inc., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| LLOYD C. BLANKENFEIN, M. | § | |
| MICHELE BURNS, GARY D. | § | |
| COHN, MARK A. FLAHERTY, | § | |
| WILLIAM W. GEORGE, JAMES A. | § | |
| JOHNSON, ELLEN J. KULLMAN, | § | |
| LAKSHMI N. MITTAL, ADEBAYO | § | |
| O. OGUNLESI, PETER | § | |
| OPPENHEIMER, DEBORA L. | § | |
| SPAR, MARK E. TUCKER, DAVID | § | |
| A. VINIAR, MARK O. | § | |
| WINKELMAN, and THE | § | |
| GOLDMAN SACHS GROUP, INC., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 19, 2019
Decided: August 29, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

Upon consideration of the notice of interlocutory appeal and the documents attached thereto as well as the notice to show cause and responses, it appears to the Court that:

(1)     The objector below-appellant, Sean J. Griffith ("the Objector"), has filed two appeals from a Court of a Court of Chancery letter order, dated July 1, 2019, awarding the Objector attorneys' fees and costs under the corporate benefit doctrine ("Fee Order").[1]  In appeal No. 331, 2019, he petitions this Court under Supreme Court Rule 42 to accept an interlocutory appeal.  In appeal No. 332, 2019, he asks this Court to accept the appeal under the collateral order doctrine.  For the reasons set forth below, we refuse the interlocutory appeal and dismiss the other appeal as duplicative.

(2)     The Fee Order arises from a direct and derivative action brought by a stockholder against certain directors of The Goldman Sachs Group, Inc. ("Goldman Directors").  After the parties reached a settlement and sought the Court's approval of the proposed settlement, the Objector filed objections.  The Court of Chancery did not approve the settlement,[2] and the parties proceeded to oral argument on the

---

[1] *Stein v. Blankfein*, 2019 WL 2750100 (Del. Ch. July 1, 2019).
[2] *Stein v. Blankfein*, 2018 WL 5279358 (Del. Ch. Oct. 23, 2018).

Goldman Directors' pending motion to dismiss. The Court of Chancery granted in part and denied in part the motion to dismiss.[3]

(3) The Objector filed a motion for $575,000 in attorneys' fees and costs under the corporate benefit doctrine. The Goldman Directors opposed the motion, arguing that a fee award of approximately $10,000 was appropriate. The Court of Chancery concluded that the objection was helpful and benefitted Goldman, but noted that its conclusions in rejecting the settlement were not "entirely congruent" with the Objector's arguments.[4] The Court of Chancery determined that a fee award of $100,000 was equitable, plus $1,923.30 in costs.[5]

(4) On July 11, 2019, the Objector filed an application for certification of an interlocutory appeal. The Objector argued that the Fee Order determined a substantial issue of material importance because it resolved an issue that went to the merits of the case and the amount of the fee awarded could discourage other objectors from challenging poor settlements. The Objector also suggested that if the fee award was considered a collateral issue, then it could be immediately appealable under the collateral order doctrine. As to the Rule 42(b)(iii) criteria, the Objector contended that the Fee Order addressed a question of first impression—the appropriate fee for a successful, activist objector. The Objector also argued that

---

[3] *Stein v. Blankfein*, 2019 WL 2323790 (Del. Ch. May 31, 2019).
[4] *Stein*, 2019 WL 2750100, at *2.
[5] *Id.*

3

there were conflicting trial court decisions on fee awards to objectors and that interlocutory review would serve considerations of justice.

(5) The Goldman Directors opposed the application for certification. They argued that the Fee Order did not determine a substantial issue of material importance because it was a collateral matter that did not decide the merits of the case. As to the Rule 42(b)(iii) criteria, the Goldman Directors argued that the order did not decide a legal issue of first impression, but applied settled law for the determination of fee awards. The Goldman Directors also contended that there was no conflict on a question of law and that interlocutory review would not serve considerations of justice.

(6) On July 23, 2019, the Court of Chancery denied the application for certification.[6] Applying the Rule 42(b)(iii) criteria, the Court of Chancery concluded that the Fee Order did not involve a question of law resolved for the first time in Delaware, but simply applied established principles of the corporate benefit doctrine.[7] The Court of Chancery found that the fact that the application of the corporate benefit doctrine led to different fee awards in different cases did not mean there were conflicting trial court decisions on a question of law.[8] As to the possibility that the Fee Order could discourage beneficial objections to settlements,

---

[6] *Stein v. Blankfein*, 2019 WL 3311227 (Del. Ch. July 23, 2019).
[7] *Id.* at *2.
[8] *Id.*

4

the Court of Chancery decided that interlocutory review would serve considerations of justice, but that this factor was of "slight weight."[9]   The Court of Chancery concluded that the likely benefits of interlocutory review did not outweigh the probable costs, such that interlocutory review was in the interest of justice.[10]

(7)    The Court of Chancery declined to address whether the Fee Order was appealable under the collateral order doctrine, leaving that issue to this Court.  These appeals followed.

(8)    Applications for interlocutory review are addressed to the sound discretion of the Court.[11]  In the exercise of our discretion and giving great weight to the Court of Chancery's thoughtful analysis in denying the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]  We therefore refuse the interlocutory appeal in No. 331, 2019.

---

[9] *Id.*
[10] *Id.*
[11] Supr. Ct. R. 42(d)(v).
[12] Supr. Ct. R. 42(b)(ii).
[13] Supr. Ct. R. 42(b)(iii).

(9)     Turning to appeal No. 332, 2019, the Clerk issued a notice directing the Objector to show cause why this appeal should not be dismissed as duplicative of the interlocutory appeal.  The Objector was also directed to state the basis for his position that the Fee Order was appealable under the collateral order doctrine.  In his response, the Objector argues that the Fee Order falls within the collateral order doctrine because it determines an issue independent of the underlying litigation, it is binding on a non-party, and it will have a substantial, continuing effect on stockholders and Delaware corporations outside of this State as it will discourage objections to unfair settlements.  The Goldman Directors disagree, arguing that the Fee Order simply reflects an exercise of discretion under settled principles and that the Objector's speculation is not the type of important right to be reviewed under the collateral order doctrine.

(10)    The collateral order doctrine is characterized as "a common law recognition that certain collateral orders constitute final judgments."[14]  Under the collateral order doctrine, "orders which a) determine matters independent of the issues involved in the proceeding itself, b) bind persons who are non-parties in the underlying proceeding, and c) have a substantial, continuing effect on important

---

[14] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del. 1995).

6

rights are final and subject to immediate appellate review."[15]   Having carefully considered the Fee Order and the parties' positions, we conclude that the Fee Order does not fall within the collateral order doctrine.   The Fee Order, which awarded $100,000 of the $575,000 in attorneys' fees sought by the Objector under the corporate benefit doctrine, does not have a substantial, continuing effect on an important right.   Appeal No. 332, 2019 is therefore duplicative of the interlocutory appeal in No. 331, 2019 and must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal in No. 331, 2019 is REFUSED and the appeal in No. 332, 2019 is DISMISSED.   The filing fee paid by the appellant shall be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[15] *Beebe Med. Ctr. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2008) (citing *Gannett Co., Inc. v. State*, 565 A.2d 895, 900 (Del. 1989)).