IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNITED MEDICAL, LLC, | § | |
| | § | No. 148, 2022 |
| Third Party Below, | § | |
| Appellant, | § | |
| | § | Court Below–Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| MANISH GARG, M.D., | § | |
| | § | C.A. No. 2019-0938 |
| Plaintiff Below, | § | |
| Appellee, | § | |
| | § | |
| v. | § | |
| | § | |
| DHRUVAL H. PATEL, M.D. | § | |
| AND ROMIL R. PATEL, M.D., | § | |
| | § | |
| Defendants Below. | § | |

Submitted: May 23, 2022
Decided: July 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**<u>ORDER</u>**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) The appellant, United Medical, LLC ("United Medical"), filed an appeal from the Court of Chancery's order directing United Medical to comply with a subpoena served by the plaintiff below, Manish Garg, M.D. ("Garg"), and the Court of Chancery's order requiring United Medical to pay the fees and expenses

incurred by Garg to secure United Medical's compliance with the subpoena (together, the "Orders"). The Senior Clerk of the Court issued a notice to United Medical to show cause why this appeal should not be dismissed for its failure to comply with Rule 42 when taking an appeal from an apparent interlocutory order. In response, United Medical argues that it is not required to follow the procedure for interlocutory appeals because the Orders constitute a final judgment under the collateral-order doctrine. We disagree.

(2) This Court of Chancery action was filed by Garg against his then-business partners in Nephrology Consultants, P.A. ("NCP"), Dhruval H. Patel, M.D. and Romil R. Patel, M.D. (together, the "Patels"). The Patels have asserted counterclaims in their capacities as former stockholders and employees of NCP and seek profit distributions from NCP (the "Distribution Claims"). On September 9, 2021, Garg served a subpoena on United Medical, a non-party and NCP's former billing company, seeking the production of billing information needed to resolve the Distribution Claims. After United Medical untimely produced only some of the billing information Garg sought, Garg filed a motion to enforce United Medical's compliance with the subpoena on December 16, 2021.

(3) On January 26, 2022, the Court of Chancery granted the motion to enforce, noting that the information Garg sought was critical to the outcome of the dispute, which had been prolonged because of the parties' inability to obtain the

2

billing information without resorting to the issuance of a subpoena. On April 1, 2022, the Court of Chancery ordered United Medical to reimburse Garg for the $32,379 in fees and expenses that he had incurred to secure United Medical's compliance with the subpoena. This appeal followed.

(4) The collateral-order doctrine provides that orders that (i) determine matters independent of the issues involved in the proceeding itself, (ii) bind people who are non-parties in the underlying proceeding, and (iii) have a substantial, continuing effect on important rights are final and subject to immediate appellate review.[1] Here, the Orders resolve what is essentially a limited discovery dispute.[2] Because we are not persuaded that the order will have "a substantial, continuing effect on important rights,"[3] the collateral order doctrine is inapplicable. Accordingly, we have no jurisdiction in this matter, and United Medical's appeal must be dismissed.

---

[1] *Gannett Co., Inc. v. State*, 565 A.2d 895, 900 (Del. 1989).

[2] *Beebe Med. Ctr. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2208) (dismissing as interlocutory an appeal from an order granting in part and denying in part a non-party's motion for a protective order). *See also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 205 (1999) (holding that an order imposing sanctions—as distinguished from a finding of civil contempt—was not reviewable under the collateral-order doctrine and noting that an evaluation of the appropriateness of sanctions often will be "inextricably intertwined" with the merits of an action). *Compare Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574 (Del. 1995) (allowing an appeal from a finding of civil contempt under the collateral-order doctrine); *IMO Acierno*, 1990 WL 116957 (Del. July 19, 1990) (noting that a civil-contempt order may be immediately appealable under certain circumstances).

[3] *Gannett*, 565 A.2d at 900.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

4