IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC., | § | |
| | § | No. 286, 2024 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. Nos. 9700 & 10449 |
| ROBERT PINCUS, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  August 13, 2024
Decided:    September 19, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    The appellant, TransPerfect Global, Inc., filed this appeal from the Court of Chancery's June 20, 2024 letter decision overruling TransPerfect's objections to the fee petitions filed by the appellee, Robert Pincus (the "Former Custodian"), for legal expenses that he incurred in the third and fourth quarters of 2023 and denying TransPerfect's request for the entry of a partial final judgment under Court of Chancery Rule 54(b) (the "Letter Decision").[1]  Because the Letter

---

[1] *In re TransPerfect Glob., Inc.*, 2024 WL 3069279 (Del. Ch. June 20, 2024).

Decision was not a final order, the Senior Court Clerk directed TransPerfect to show cause why this appeal should not be dismissed for TransPerfect's failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order.

(2) In its response to the notice to show cause, TransPerfect claims that the Letter Decision is final and appealable under the collateral-order doctrine. At the Court's request, the Former Custodian also responded to the notice to show cause and argues that the Letter Decision does not satisfy the requirements of the collateral-order doctrine.

(3) Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to final orders.[2] Under the collateral-order doctrine, an otherwise interlocutory order is final and subject to immediate appellate review if it: "a) determine[s] matters independent of the issues involved in the proceeding itself, b) bind[s] persons who are non-parties in the underlying proceeding, and c) [has] a substantial, continuing effect on important rights."[3] The doctrine "only applies to 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] *Beebe Med. Ctr. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2008).

review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[4]

(4) We have carefully reviewed the parties' positions and conclude that the Letter Decision is not appealable under the collateral-order doctrine and is simply an interlocutory order from which an appeal cannot be taken without complying with Rule 42. In doing so, we note that we recently rejected TransPerfect's nearly identical attempt to invoke the collateral-order doctrine to appeal two of the Court of Chancery's earlier decisions that resolved TransPerfect's objections to the Former Custodian's fee petitions.[5] We re-affirm our previous conclusion that "[p]iecemeal appeals of TransPerfect's objections to the Former Custodian's legal expenses under the collateral-order doctrine would be a waste of scarce judicial resources,"[6] and we observe, once again, that TransPerfect will be able to appeal the Court of Chancery's handling of its objections to the expenses incurred by the Former Custodian in due course. Because TransPerfect did not comply with Rule 42, this Court does not have jurisdiction over this appeal, and it must be dismissed.

---

[4] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (quoting *Cohen v. Beneficial Indus. Loan*, 337 U.S. 541, 546 (1949)).

[5] *TransPerfect Global, Inc. v. Pincus*, 2023 WL 6991983, at \*1-2 (Del. Oct. 20, 2023) (holding that the Court of Chancery's decisions resolving TransPerfect's objections to the Former Custodian's fee petitions did not satisfy any of the three prongs of the collateral-order doctrine; the orders: (i) involved the primary issue remaining (fees); (ii) did not bind a non-party, only TransPerfect, a named party; and (iii) did not have a substantial, continuing effect on any important rights).

[6] *Id.* at \*2.

NOW, THEREFORE, IT IS ORDERED that this appeal be DISMISSED.

BY THE COURT:


/s/ Karen L. Valihura
Justice