IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY V. CAMPBELL, | § | |
| | § | No. 258, 2019 |
| Defendant Below– | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| EAGLE FORCE HOLDINGS, LLC, | § | |
| and EF INVESTMENTS, LLC, | § | C.A. No. 10803 |
| | § | |
| Plaintiffs Below– | § | |
| Appellees. | § | |

Submitted: June 28, 2019
Decided:   July 9, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the amended notice of appeal, and the documents attached thereto,[1] it appears to the Court that:

(1)     This appeal arises from a Court of Chancery order granting a motion for contempt filed by Eagle Force Holdings, LLC, and EF Investments, LLC (collectively, "Eagle Force"). The following events led to this ruling. On July 23, 2015, at Eagle Force's request, the Court of Chancery entered a status quo order

---

[1] The appellant did not attach to his notice of appeal or amended notice of appeal either his application for certification filed in the Court of Chancery or the appellees' response thereto. Supr. Ct. R. 42(d)(iv)(A), (C). The Court appreciates that the appellees supplemented the record by filing their response to appellant's application for certification filed in the Court of Chancery on June 12, 2019.

("the Status Quo Order") pending litigation. Among other things, the Status Quo Order required the defendant, Stanley V. Campbell, to give Eagle Force ten days' advance notice of any transaction subject to the Status Quo Order. While proceedings were pending before the Court of Chancery, Eagle Force filed a motion to hold Campbell in contempt for an alleged violation of the Status Quo Order. Following an evidentiary hearing, the court found Campbell in contempt for failing to give Eagle Force the required advance notice before engaging in a transaction subject to the Status Quo Order. Eagle Force later filed two additional motions to find Campbell in contempt. The Court of Chancery held an evidentiary hearing on each of the subsequent motions but delayed its rulings until it decided an issue central to the pending litigation—whether the Court of Chancery had personal jurisdiction over Campbell. On September 1, 2017, the court issued its post-trial opinion. The Court of Chancery found that it lacked personal jurisdiction over Campbell and concluded, among other things, that the court's prior contempt orders were unenforceable. On direct appeal, this Court reversed that finding, holding, "[W]hen a Delaware court issues a status quo order pending its adjudication of questions concerning its own jurisdiction, it may punish violations of those orders with contempt and for sanctions, no matter whether it ultimately finds that it lacked jurisdiction."[2]

---

[2] *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1241–42 (Del. 2018).

(2) On remand, Eagle Force again filed a motion for contempt against Campbell alleging he violated the Status Quo Order while the matter was on appeal. On April 23, 2019, the Court of Chancery held that Campbell was bound by the Status Quo Order during the appeal period. On May 10, 2019, the court granted the parties' stipulated proposed order wherein the parties agreed (i) they did not require an evidentiary hearing on the motion for contempt and (ii) Campbell would disgorge to EagleForce Associates, Inc., the sum of $1,097,558.47. On May 17, 2019, the court ordered Campbell to surrender the agreed-upon amount to EagleForce Associates, Inc., within twenty days.

(3) On May 31, 2019, Campbell filed in the Court of Chancery a motion for certification of an interlocutory appeal and a motion to stay the Court of Chancery's April 23, 2019 and May 17, 2019 orders. Campbell argued that certification was appropriate because the interlocutory appeal involved a question of law decided for the first time in Delaware—whether a reversal on appeal reinstates interlocutory orders retrospectively so as to subject someone to a potential contempt citation for actions otherwise lawfully taken after the dismissal of an action. Campbell also argued that the ruling was contrary to the weight of authority from other jurisdictions and that allowing the decision to sit as precedent would have a chilling effect on the rights of successful litigants pending the appeal process. Eagle Force opposed Campbell's request for certification of an interlocutory appeal.

(4)     On June 20, 2019, the Court of Chancery denied Campbell's application for certification and request for a stay. The Court of Chancery found that its ruling did not decide a substantial issue of material importance and given the procedural posture of the case—the case is on remand, briefing is complete, and the court expects to issue a final decision within a matter of weeks—justice would not be served by permitting piecemeal litigation. Alternatively, the court concluded that Campbell's application for certification was inappropriate because it was untimely filed.[3]  Campbell technically seeks a review of the court's April 23, 2019 order finding him in contempt. However, even if Campbell sought to appeal the court's May 17, 2019 order—establishing a deadline for the disgorgement of funds—the motion for certification of an interlocutory appeal was untimely filed on May 31, 2019.

(5)     On appeal, Campbell contends this Court should accept his appeal of the Court of Chancery April 23, 2019 and May 17, 2019 orders as immediately appealable under the collateral order doctrine or, in the alternative, as an interlocutory appeal.

(6)     The collateral order doctrine has been characterized as "a common law recognition that certain collateral orders constitute final judgments."[4]  It is applied

---

[3] Supr. Ct. R. 42(c)(i) ("Such application [for certification of an interlocutory appeal] shall be served and filed within 10 days of the entry of the order from which the appeal is sought . . . .").

[4] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del. 1995).

to "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[5] The collateral order doctrine is not implicated in this case.

(7)     We also decline to accept Campbell's application for interlocutory review. Applications for interlocutory review are addressed to the sound discretion of the Court.[6] In the exercise of its discretion and giving great weight to the trial court's review, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). In the first instance, the application was untimely filed. Moreover, exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

---

[5] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949).

[6] Supr. Ct. R. 42(d)(v).

[7] Del. Supr. Ct. R. 42(b)(ii).

[8] Del. Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the appeal is REFUSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice