**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 22, 2019
Date Decided: July 23, 2019

Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
Rosemary J. Piergiovanni, Esquire
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

Anthony A. Rickey, Esquire
Margrave Law LLC
8 West Laurel Street, Suite 2
Georgetown, DE 19947

Jeremy D. Eicher, Esquire
Eicher Law LLC
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Matthew L. Miller, Esquire
Abrams & Bayliss LLP
20 Monthchanin Road, Suite 200
Wilmington, DE 19807

Kevin M. Gallagher, Esquire
Robert L. Burns, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

> Re: *Shiva Stein v. Lloyd C. Blankfein, et al.*, C.A. No. 2017-0354-SG

Dear Counsel:

I have the Objector's Application for Certification of an Interlocutory Appeal as well as the Director-Defendants' Response. I must consider a request for certification in light of Supreme Court Rule 42. As many decisions of our courts have made clear, the purpose of Rule 42 is to prevent wasteful piecemeal litigation from overwhelming the docket of the Supreme Court. Accordingly, "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Supreme

Court] unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[1] To the extent this is considered as a truly interlocutory appeal, I find that adherence to Rule 42 precludes certification. To the extent this appeal is subject to the Collateral Order Doctrine, such analysis is outside the purview of the trial court review mandated by Rule 42.

## I. INTERLOCUTORY APPEAL

The decision subject to the request for certification here involves an award for attorneys' fees under the corporate benefit doctrine. The case involved direct and derivative claims brought by a stockholder of Goldman Sachs, with respect to which the parties had reached a settlement agreement. Settlement of these claims required approval by this Court. Under the proposed settlement, derivative claims, which belong to the corporation, would be released in return for the corporation—for whose benefit the Plaintiff was purportedly acting—adopting some minor hygienic practices. The Objector appeared at the Settlement Hearing and opposed the settlement. I found the objection helpful, but independently concluded that the settlement was not fair to the corporation or its stockholders. Accordingly, I denied the settlement. The matter then proceeded on a motion to dismiss, which I granted

---

[1] Supr. Ct. R. 42(b).

in part and denied in part. The remaining issue involves an allegation of self-dealing on the part of the Director-Defendants.

As I expressed in my Letter Order of July 1, 2019 regarding the Objector's fee request, the objection was helpful to me. The rationale of my decision to deny the motion to approve the settlement was, however, my own. Nonetheless, for the reasons stated in the Letter Order, I found that the Objector had worked a substantial benefit on the corporation.

In evaluating the appropriate fee under the corporate benefit doctrine, I applied the factors delineated by our Supreme Court in *Sugarland Industries, Inc. v. Thomas*.[2] Applying those factors to the facts at hand, I found an attorneys' fee award to the objector, exclusive of costs, in the amount of $100,000.00 to be appropriate.

It is this decision that is subject to this request for an interlocutory appeal. Rule 42(b)(2) sets out the criteria I must consider upon a motion for certification.[3] I address, in turn, the criteria identified by the Objector as applicable:

(A) *Does the interlocutory order involve a question of law resolved for the first time in Delaware?*

According to the Objector, this factor is satisfied. However, I see the issue differently. The Objector, I found, worked a benefit on the corporation. In such

---

[2] 420 A.2d 142 (Del. 1980).
[3] Supr. Ct. R. 42(b)(2)(iii).

a case, it is appropriate (and settled law provides) that the cost of producing such benefit not fall solely on the party. Instead, it should be borne by the corporation and secondarily, by its owners, the stockholders. Fees for producing such benefit have been addressed by this Court many, many times. Our Supreme Court has provided the criteria under which the court should exercise its discretion; those factors are set out in the *Sugarland* case.[4] Therefore, I do not find that a question of law is resolved here for the first time.

*(B) Are the decisions of the trial courts conflicting upon the question of law?*

Again, the question of law is whether granting a fee application is appropriate under the corporate benefit doctrine. It is settled law that such a question is answered in the affirmative once the trial court determines that a substantial benefit has been worked for the entity. The Objector points out that the application of the trial court's discretion to the particular benefit produced results in fee awards that vary from case to case, and that, therefore, the trial courts are in conflict. While the predicate is correct, the conclusion is unwarranted. The law itself is well-settled.

*(C) Will review of the interlocutory order serve considerations of justice?*

---

[4] *Sugarland*, 420 A.2d 142.; *see also Loral Space & Commc'ns, Inc. v. Highland Crusader Offshore Partners, L.P.*, 977 A.2d 867, 870 (Del. 2009).

4

The Objector argues strenuously that, in setting the fee as I did, I have created a perverse incentive that will prevent beneficial objections to settlements in the future. Therefore, a review is in the interest of justice. I find that this factor supports interlocutory review, but is of slight weight. The remaining factors set out in Rule 42(b)(iii) are inapplicable here.

Essentially, the Objector seeks appellate review of an exercise of discretion under long-established principles and precedents. On balance, after review of the interests of justice and in particular, the factors set forward in Rule 42(b)(iii), I do not find that the likely benefits of interlocutory review outweigh the probable costs such that the interlocutory review is in the interest of justice.[5]

## II. COLLATERAL ORDER DOCTRINE

The Objector submits that the matter of his fee award is collateral to the substantive issues in the case itself, and argues that interlocutory appellate review is appropriate because his interest has been finally adjudicated. The Objector, in other words, invokes the Collateral Order Doctrine.[6] The Objector is correct that the matter of his fee award is both collateral to the substantive issues in this matter and final. However, the applicability of the Collateral Order Doctrine is not among the matters directed to the trial court under Rule 42, and thus it must be addressed

---

[5] Supr. Ct. R. 42(b)(2)(iii).
[6] *See Evans v. Justice of the Peace Ct. No. 19*, 652 A.2d 574, 576–77 (Del. 1995); *Gannett Co., Inc. v. State*, 565 A.2d 895, 899–900 (Del. 1989); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949).

directly to the Supreme Court by the appellant. Any discussion of the doctrine here would be advisory, and inappropriate.

### III. CONCLUSION

For the foregoing reasons, the Objector's application for certification of interlocutory appeal is denied. An appropriate form of order in compliance with Rule 42(c)(iv) is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
# IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| SHIVA STEIN, derivatively on behalf of The Goldman Sachs Group, Inc., and individually as a Stockholder of The Goldman Sachs Group, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2017-0354-SG |
| LLOYD C. BLANKFEIN, M. MICHELE BURNS, GARY D. COHN, MARK A. FLAHERTY, WILLIAM W. GEORGE, JAMES A. JOHNSON, ELLEN J. KULLMAN, LAKSHMI N. MITTAL, ADEBAYO O. OGUNLESI, PETER OPPENHEIMER, DEBORA L. SPAR, MARK E. TUCKER, DAVID A. VINIAR, MARK O. WINKELMAN, and THE GOLDMAN SACHS GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY

## ORDER

This twenty-third day of July, 2019, Objector Sean J. Griffith having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated July 1, 2019; and the Court having found that such order lacks a substantial issue of material importance that merits

appellate review before a final judgment and that only one of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that the Court's order of July 1, 2019, is hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Sam Glasscock III

Vice Chancellor