# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC. and PHILIP R. SHAWE,<br><br>    Respondents Below,<br>    Appellants,<br><br>      v.<br><br>ROBERT PINCUS,<br>    Movant Below,<br>    Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 439, 2019<br><br>Court Below—Court of Chancery of the State of Delaware<br>C.A. Nos. 9700 and 10449 |

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC. and PHILIP R. SHAWE,<br><br>    Respondents Below,<br>    Appellants,<br><br>      v.<br><br>ROBERT PINCUS,<br>    Movant Below,<br>    Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 441, 2019<br><br>Court Below—Court of Chancery of the State of Delaware<br>C.A. Nos. 9700 and 10449 |

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC. and PHILIP R. SHAWE,<br><br>    Respondents Below,<br>    Appellants,<br><br>      v.<br><br>ROBERT PINCUS,<br>    Movant Below,<br>    Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 501, 2019<br><br>Court Below—Court of Chancery of the State of Delaware<br>C.A. Nos. 9700 and 10449 |

TRANSPERFECT GLOBAL, INC.        §
and PHILIP R. SHAWE,             §
    Respondents Below,       § No. 509, 2019
    Appellants,              §
                             § Court Below—Court of Chancery
    v.                       § of the State of Delaware
                             § C.A. Nos. 9700 and 10449
                             §
ROBERT PINCUS,                   §
    Movant Below,            §
    Appellee.                §

Submitted:   December 19, 2019
Decided:     December 31, 2019

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

**<u>ORDER</u>**

After consideration of the notices to show cause, the responses, and the interlocutory appeal, it appears to the Court that:

(1) The appellants, TransPerfect Global, Inc. and Philip R. Shawe, filed these appeals from three related Court of Chancery orders.[1] A brief description of each appeal follows.

(2) On October 19, 2019, TransPerfect filed Appeal No. 439, 2019 from a Court of Chancery opinion ("the Opinion")[2] and order ("the First Order"), both dated

---

[1] The background of the litigation leading to the orders on appeal is set forth in several decisions of this Court and the Court of Chancery. *See, e.g., Shawe v. Elting*, 157 A.3d 152 (Del. 2017); *In re TransPerfect Global, Inc.*, 2018 WL 904160 (Del. Ch. Feb. 15, 2018), *aff'd sub nom.* 2018 WL 2069065 (Del. May 3, 2018).

[2] *TransPerfect Global, Inc. v. Shawe*, 2019 WL 5260362 (Del. Ch. Oct. 17, 2019).

2

October 17, 2019, granting in part the motion for civil contempt and sanctions filed by the appellee, Robert Pincus in his capacity as court-appointed custodian ("the Custodian"). In the Opinion, the Court of Chancery held that TransPerfect and Shawe had violated the court's February 5, 2018 order ("the Final Order") by filing litigation against the Custodian in Nevada. In the First Order, the Court of Chancery imposed monetary sanctions upon TransPerfect and Shawe until the Nevada lawsuit was dismissed and awarded the Custodian all fees and expenses, including reasonable attorneys' fees, he incurred in connection with the Nevada litigation and his motion for civil contempt and sanctions.[3] The Court of Chancery reserved judgment on the Custodian's motion for civil contempt and sanctions as to fee orders entered on June 28, 2019 and July 17, 2019 (together, "the Fee Orders").

(3)  On October 21, 2019, Shawe filed Appeal No. 441, 2019 from the Opinion and First Order. After filing Appeal Nos. 439, 2019 and 441, 2019 in this Court, TransPerfect and Shawe filed an application for certification of an interlocutory appeal of the Opinion and First Order in the Court of Chancery. The Custodian opposed the application. On November 18, 2019, the Court of Chancery denied the application.[4] Applying Supreme Court Rule 42, the Court of Chancery

---

[3] The Court of Chancery subsequently limited the fees and expenses to those incurred by the Custodian in connection with his prosecution of the contempt motion for violation of the Final Order.

[4] *In re TransPerfect Global, Inc.*, 2019 WL 6130807 (Del. Ch. Nov. 18, 2019).

3

held that the Opinion and First Order did not decide a substantial issue of material importance and that certifying an interlocutory appeal would create a substantial risk of piecemeal litigation as reflected by related issues that still had to be resolved, including the amount of the contempt fee award and any objections to the Fee Orders. The Court of Chancery declined to address the argument that the First Order was appealable under the collateral order doctrine.

(4) On November 25, 2019, TransPerfect and Shawe filed Appeal No. 501, 2019 from the Court of Chancery's orders, dated November 1, 2019 (together "the Second Order"), denying the Custodian's motion for civil contempt and sanctions as to the Fee Orders, establishing new procedures for the Custodian's submission of fee petitions, and governing the confidentiality of the billing records filed with the Custodian's fee petition.

(5) On November 27, 2019, the Clerk issued notices in Appeal Nos. 439, 2019, 441, 2019, and 501, 2019 directing TransPerfect and Shawe to show cause why the appeals should not be dismissed for their failure to comply with Rule 42. The notices also directed TransPerfect and Shawe to explain the basis for their contention that the orders on appeal fell within the collateral order doctrine. The Custodian was directed to respond to the appellants' submissions.

(6) On December 2, 2019, TransPerfect and Shawe filed Appeal No. 509, 2019 as a notice of interlocutory appeal from the Second Order. They had previously

4

filed an application for the certification of an interlocutory appeal in the Court of Chancery, which the Custodian opposed. The Court of Chancery denied the application on November 27, 2019,[5] referring to its denial of the previous application for certification. The Court of Chancery reiterated that an interlocutory appeal of the Opinion, First Order, and Second Order did not make sense until all related issues were resolved so that there could be one interlocutory appeal.

(7) We first address whether Appeal Nos. 439, 2019, 441, 2019, and 501, 2019 should be dismissed for the appellants' failure to comply with Rule 42.[6] In their responses to the notices to show cause, TransPerfect and Shawe argue that the Opinion and First Order as well as the Second Order are appealable under the collateral order doctrine. The Custodian disagrees, arguing that the orders do not meet the requirements of the collateral order doctrine.

(8) The collateral order doctrine is characterized as "a common law recognition that certain collateral orders constitute final judgments."[7] Under the collateral order doctrine, "orders which a) determine matters independent of the issues involved in the proceeding itself, b) bind persons who are non-parties in the underlying proceeding, and c) have a substantial, continuing effect on important

---

[5] *In re TransPerfect Global, Inc.*, 2019 WL 6358786 (Del. Ch. Nov. 27, 2019).

[6] For all three appeals, the appellants failed to file a notice of interlocutory appeal in conformance with Rule 42(d)(ii). In addition, for Appeal Nos. 439, 2019 and 441, 2019, the appellants filed their notices of appeal before filing an application for certification in the trial court as required by Rule 42(d)(i).

[7] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del. 1995).

rights are final and subject to immediate appellate review."[8]  The doctrine "only applies to 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[9]

(9)     Having carefully considered the orders and the parties' positions, we conclude that the orders do not fall within the collateral order doctrine.  The orders are not final and do not have a substantial, continuing effect on important rights.  As the Court of Chancery recognized, the amount of fees to be awarded to the Custodian pursuant to the First Order is unresolved.  Similarly, the parties are currently litigating the appellants' objections to the Custodian's fee petitions, including the petitions that led to the Fee Orders, under the process set forth in the Second Order.  In light of the issues still to be determined, the appellants' reliance on *Evans v. Justice of the Peace Court No. 19*, where the amount of the sanction was set at the time of the appeal,[10] to argue that the orders are appealable under the collateral order doctrine is misplaced.

---

[8] *Beebe Med. Ctr. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2008) (citing *Gannett Co., Inc. v. State*, 565 A.2d 895, 900 (Del. 1989)).

[9] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del.1995) (quoting *Cohen v. Beneficial Indus. Loan*, 337 U.S. 541, 546 (1949)).

[10] *Id.* at 575-77 (holding that $1,000 sanction imposed by the Justice of the Peace Court on a lawyer collecting a judgment for a client was a final appealable judgment under the collateral order doctrine).

6

(10) Nor do the orders have a substantial, continuing effect on important rights as the appellants contend. The appellants suggest that the imposition of an anti-suit injunction in the First Order is highly unusual, but the Court of Chancery has previously imposed anti-suit injunctions in similar circumstances.[11] The Second Order merely sets a procedural process for resolution of fee disputes. In arguing that they could be years away from being able to appeal the orders, the appellants ignore the Court of Chancery's previously expressed view that it would be most efficient to resolve the amount of the contempt fee award as well as the objections to the Fee Orders and then to certify a single interlocutory appeal. The Opinion, First Order, and Second Order do not therefore fall within the small class of cases subject to the collateral order doctrine.

(11) Finally, we address whether interlocutory Appeal No. 509, 2019 should be accepted. Applications for interlocutory review are addressed to the sound discretion of the Court.[12] In the exercise of our discretion and giving great weight to the Court of Chancery's thoughtful analysis in denying the application for certification, this Court has concluded that the application for interlocutory review

---

[11] *See, e.g., Village Green Holding, LLC v. Holtzman*, 2018 WL 4849964, at *4 (Del.Ch. Oct. 5, 2018) (enjoining the defendants from pursuing a sale order motion in Pennsylvania instead of Delaware as required by the exclusive forum selection provisions in the parties' agreements); *Ivanhoe Partners v. Newmont Mining Corp.,* 1988 WL 34526, at *6 (Del. Ch. Apr. 7, 1988) (enjoining the plaintiff from litigating cumulative voting issue in Texas that could "only be viewed as a transparent effort to remove the controversy to a forum of its own choosing").
[12] Supr. Ct. R. 42(d)(v).

7

does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14]  We therefore refuse interlocutory Appeal No. 509, 2019.

NOW, THEREFORE, IT IS ORDERED that Appeal Nos. 439, 2019, 441, 2019, and 501, 2019 are DISMISSED and Appeal No. 509, 2019 is REFUSED.  The filing fee paid by the appellants shall be applied to any future appeal they file from an interlocutory appeal that is certified by the Court of Chancery or a final order entered in the case.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] Supr. Ct. R. 42(b)(ii).
[14] Supr. Ct. R. 42(b)(iii).