IN THE SUPREME COURT OF THE STATE OF DELAWARE

NATHALIE HUBERT-
TOUSSAINT,
    Defendant Below,
    Appellant,

v.

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,
    Plaintiff Below,
    Appellee.

§
§
§ No. 448, 2019
§
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ C.A. No. K19L-03-014
§
§
§
§

Submitted: March 27, 2020
Decided: April 2, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    The defendant below-appellant, Nathalie Hubert-Toussaint, filed this notice of appeal from a Superior Court order, dated September 26, 2019, dismissing her counterclaims to a *scire facias sur* mortgage complaint filed by the plaintiff below-appellee, RoundPoint Mortgage Servicing Corporation. The Superior Court docket reflects that RoundPoint filed a motion for summary judgment that is currently pending.

(2) The Clerk issued a notice directing Hubert-Toussaint to show cause why her appeal should not be dismissed for her failure to comply with Supreme Court 42 in taking an appeal from an interlocutory order. In her response to the notice to show cause, Hubert-Toussaint argues that the September 26, 2019 Order is appealable under the collateral order doctrine or Rule 42. RoundPoint disagrees, and argues that the appeal should be dismissed.

(3) "An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case."[1] It is plain from the text of the September 26, 2019 Order and a review of the docket that the Superior Court did not intend the September 26, 2019 Order to be its final act in the case. As previously noted, a motion for summary judgment is currently pending in the Superior Court.

(4) Contrary to Hubert-Touissant's contentions, the September 26, 2019 Order is not appealable under the collateral order doctrine. The collateral order doctrine "only applies to 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[2] The Superior Court's dismissal of Hubert-Toussaint's counterclaims, which were based

---

[1] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 880 (Del. Mar. 21, 1997).
[2] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del.1995) (quoting *Cohen v. Beneficial Indus. Loan*, 337 U.S. 541, 546 (1949)).

on her sending of a so-called "equitable remittance coupon" for $450,000 to RoundPoint, does not finally determine rights separable from the mortgage complaint and does not have a substantial, continuing effect on important rights.

(5)     Finally, absent compliance with Supreme Court Rule 42, this Court's appellate jurisdiction is limited to the review of final orders.[3]  Hubert-Toussaint did not file an application for certification in the Superior Court within ten days of the September 26, 2019 Order as required by Rule 42(c)(i).  Hubert-Toussaint's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear this interlocutory appeal.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 29(b) and 42, that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[4] *See, e.g., McLeod v. McLeod*, 2014 WL 2568545 (Del. June 5, 2014), at *1 (dismissing appeal of interlocutory order where the appellant failed to file a timely application for certification in the trial court).

3