IN THE SUPREME COURT OF THE STATE OF DELAWARE

TRANSPERFECT GLOBAL, INC., §
    Respondent Below, §
    Appellant, § No. 335, 2023
     §
     §
    v. § Court Below—Court of Chancery
     § of the State of Delaware
     § C.A. Nos. 9700 and 10449
ROBERT PINCUS, §
    Petitioner Below, §
    Appellee. §

Submitted: October 16, 2023
Decided: October 20, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause, the responses to the notice to show cause, the motion for a stay pending appeal, the response, and the reply, it appears to the Court that:

(1) We assume the reader's familiarity with the lengthy litigation history of the underlying cases.[1] The appellant, TransPerfect Global, Inc., filed this appeal from the Court of Chancery's August 7, 2023 letter decision ("August 7, 2023 Decision") and August 16, 2023 order ("August 16, 2023 Order") resolving TransPerfect's objections to the fee petitions filed by the appellee, Robert Pincus

---

[1] *TransPerfect Global, Inc. v. Pincus*, 278 A.3d 630 (Del. 2022); *TransPerfect Global, Inc. v. Pincus*, 2019 WL 7369433 (Del. Dec. 31, 2019); *Shawe v. Elting*, 157 A.3d 152 (Del. 2017).

("Former Custodian"), for legal expenses that he incurred between January 2021 and March 2023. The Court of Chancery overruled most of TransPerfect's objections and ordered payments in the aggregate amount of approximately $5 million.

(2) On August 21, 2023, TransPerfect filed a motion for reargument and clarification, asserting that the Court of Chancery should clarify that the August 16, 2023 was a final and appealable order. TransPerfect also filed a motion to stay enforcement of the August 7, 2023 Letter Decision and August 16, 2023 Order pending reargument and potential appeal. The Former Custodian opposed the motions.

(3) On September 15, 2023, TransPerfect filed its appeal of the August 7, 2023 Decision and August 16, 2023 Order in this Court. The Senior Court Clerk issued a notice directing TransPerfect to show cause why this appeal should not be dismissed based on TransPerfect's failure to comply with Supreme Court Rule 42 in taking an appeal from an apparent interlocutory order.

(4) On September 22, 2023, the Court of Chancery denied TransPerfect's motion for reargument and clarification. The court held that TransPerfect failed to establish a basis for reargument and that it was clear the August 2023 rulings were interlocutory. Construing TransPerfect's arguments as a request for entry of partial final judgment under Court of Chancery Rule 54(b), the court distinguished the present situation from its entry of partial final judgment on multiple rulings

2

(including resolution of TransPerfect's objections to fees incurred by the Former Custodian between May 2019 and December 2020) in April 2021 and declined to enter partial final judgment on its August 2023 rulings. The court noted that the entry of partial final judgment in April 2021 encompassed multiple rulings that went beyond fees and that this Court had not yet had the opportunity to review those issues. By August 2023, the challenged rulings related solely to the Former Custodian's fees and this Court had addressed TransPerfect's objections to those fees.[2] Finally, the court held that TransPerfect's motion for a stay pending appeal was moot and failed on the merits.

(5) On September 26, 2023, TransPerfect filed its response to the notice to show cause in this Court. TransPerfect argues that the August 7, 2023 Decision and August 16, 2023 Order are final and appealable under the collateral-order doctrine. On October 10, 2023, the Former Custodian filed his response to the notice to show cause. He argues that the August 2023 rulings do not meet the requirements of the collateral-order doctrine. TransPerfect has also filed a motion for a stay pending appeal in this Court, which the Former Custodian opposes.

(6) Absent compliance with Rue 42, the appellate jurisdiction of this Court is limited to final order orders.[3] The collateral-order doctrine is characterized

---

[2] *Pincus*, 278 A.3d at 653-60.
[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982)).

3

as "a common law recognition that certain collateral orders constitute final judgments."[4]  Under the collateral order doctrine, orders that "a) determine matters independent of the issues involved in the proceeding itself, b) bind persons who are non-parties in the underlying proceeding, and c) have a substantial, continuing effect on important rights are final and subject to immediate appellate review."[5]  The doctrine "only applies to 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[6]

(7)　Having considered the parties' positions, we conclude that the August 2023 rulings do not fall within the collateral-order doctrine.  The Former Custodian's legal fees might be independent of the original issue underlying C.A. Nos. 9700 and 10449—appointment of a custodian to resolve board-level and stockholder-level deadlock—as TransPerfect contends, but most of the filings in C.A. Nos. 9700 and 10449 over the last two years relate to the Former Custodian's legal expenses.  At present, the Former Custodian's legal expenses are not independent of the underlying proceeding, but are in fact the primary issue remaining in the underlying

---

[4] *Evans v. Justice of the Peace Court No. 19*, 652 A.2d 574, 576 (Del. 1995).
[5] *Beebe Med. Ctr. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2008) (citing *Gannett Co., Inc. v. State*, 565 A.2d 895, 900 (Del. 1989)).
[6] *Evans*, 652 A.2d at 576 (quoting *Cohen v. Beneficial Indus. Loan*, 337 U.S. 541, 546 (1949)).

4

proceeding. TransPerfect's objections to the Former Custodian's petition for fees and expenses incurred between April 2023 and June 2023 are currently pending in the Court of Chancery.

(8) We also reject TransPerfect's argument that the August 16, 2023 Order satisfies the second prong of the collateral-order doctrine because it binds the Former Custodian, who was not a party in the original underlying proceeding. As the Former Custodian emphasizes, the primary effect of the August 16, 2023 Order is to bind TransPerfect, which describes itself as "a nominal defendant in the underlying litigation," to make the court-ordered payments to the Former Custodian and his law firms.[7]

(9) Finally, TransPerfect has not shown that its dissatisfaction with having to pay the Former Custodian's legal expenses while disagreeing with the Court of Chancery's legal analysis of its objections constitutes a substantial, continuing effect on important rights. This Court has already reviewed the Court of Chancery's handling of TransPerfect's objections to legal expenses that the Former Custodian incurred between May 2019 and December 2020.[8] TransPerfect will have the opportunity to obtain appellate review of the Court of Chancery's handling of its objections to the expenses incurred between January 2021 and March 2023, the

---

[7] Appellant TransPerfect Global, Inc. Response to Notice to Show Cause at 15.
[8] *Pincus*, 278 A.3d at 653-60.

5

expenses incurred between April 2023 and June 2023, and presumably future expenses in due course. Piecemeal appeals of TransPerfect's objections to the Former Custodian's legal expenses under the collateral order doctrine would be a waste of scarce judicial resources. The August 7, 2023 Decision and August 16, 2023 Order do not fall within the small class of cases subject to the collateral order doctrine and are therefore interlocutory orders. Because TransPerfect did not comply with Supreme Court Rule 42,[9] the Court does not have jurisdiction and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. TransPerfect's motion for a stay pending appeal is MOOT. The filing fee paid by TransPerfect shall be applied to any future appeal it files from an interlocutory appeal that is certified by the Court of Chancery or a final order entered in the case.

BY THE COURT:

*Gary F. Traynor*
Justice

---

[9] On October 6, 2023, TransPerfect filed an untimely application for certification of an interlocutory appeal in the Court of Chancery. Supr. Ct. R. 11(a) ("When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation."); Supr. Ct. R. 42(a) ("All time periods under this rule should be calculated under Supreme Court Rule 11."); Supr. Ct. R. 42(c)(i) ("Such application [for certification] shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").