IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES SCHIAVO, | § | |
| | § | No. 215, 2025 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| TD BANK USA NATIONAL | § | C.A. No. N24C-08-107 |
| ASSOCIATION, | § | |
| | § | |
| Defendant Below, Appellee | § | |
| | § | |
| and | § | |
| | § | |
| CLOVER NETWORK, LLC, | § | C.A. No. N24C-07-135 |
| | § | |
| Defendant Below, Appellee. | § | |

Submitted: June 13, 2025
Decided:    June 16, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    The appellant, Charles Schiavo, filed complaints in the Superior Court alleging that the appellees conspired to defraud him of $22,000.  In memorandum opinions dated February 19, 2025, the Superior Court dismissed the complaints without prejudice to Schiavo's filing of an amended complaint.  Schiavo filed an

amended complaint against both appellees in May 2025, and the litigation is ongoing.

(2) On May 12, 2025, Schiavo filed notices of appeal in this Court from two Superior Court orders finding Schiavo in civil contempt. After notice and a hearing, the Superior Court determined in orders dated April 11, 2025, that Schiavo was in contempt of the court's previous orders directing Schiavo to refrain from using uncivil, intemperate language in his filings. The court ordered Schiavo to pay a total of $2,000 to the court as a civil contempt sanction.

(3) Because the litigation has not concluded in the Superior Court, the Senior Court Clerk issued a notice directing Schiavo to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order. In response to the notice to show cause, Schiavo argues that the contempt proceeding is separate from the underlying litigation and that the contempt orders are final orders that may be appealed before the Superior Court finally resolves the merits of the litigation.

(4) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[1] The collateral-order doctrine has been "characterized as 'a common law recognition that certain

---

[1] *TransPerfect Global, Inc. v. Pincus*, 2023 WL 6991983, at *2 (Del. Oct. 20, 2023) (citing *Julian v. State*, 440 A.2d 990, 991 (Del. 1982)).

collateral orders constitute final judgments'" that may be appealed before the underlying litigation is finally resolved.[2] The doctrine applies only to "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[3] Under the collateral-order doctrine, an order is final and may be appealed without compliance with Rule 42 if it (i) determines matters independent of the issues involved in the proceeding itself, (ii) binds persons who are non-parties in the underlying proceeding, and (iii) has a substantial, continuing effect on important rights.[4]

(5) Schiavo is a party to this litigation, and the orders imposing sanctions on him for civil contempt therefore do not satisfy the collateral-order doctrine.[5] Accordingly, the appeal must be dismissed.

---

[2] *Id.* (quoting *Evans v. J.P. Court No. 19*, 652 A.2d 574, 576 (Del. 1995)).

[3] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949) (quoted in *Evans*, 652 A.2d at 576).

[4] *TransPerfect*, 2023 WL 6991983, at *2; *Beebe Medical Center, Inc. v. Villare*, 2008 WL 2137860, at *1 (Del. May 20, 2008); *Gannett Co. v. State*, 565 A.2d 895, 900 (Del. 1989).

[5] *See TransPerfect*, 2023 WL 6991983, at *2 (rejecting argument that order requiring party to litigation to pay fees of former custodian was appealable under the collateral-order doctrine, and dismissing appeal as interlocutory). *Cf. also Campbell v. Eagle Force Holdings, LLC*, 2019 WL 3002937, at *2 (Del. July 9, 2019) (holding that orders finding party in contempt of status quo order and establishing deadline for party to disgorge funds were not appealable under the collateral-order doctrine).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice