IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RODNEY CULLEN,[1] | § |
| | § No. 409, 2025 |
| Petitioner Below, Appellant, | § |
| | § Court Below: Family Court |
| v. | § of the State of Delaware |
| | § |
| DANIELA MICHAELS, | § File No. CN16-02303 |
| | § Petition No. 25-04377 |
| Respondent Below, Appellee. | § |

Submitted: October 14, 2025
Decided: October 30, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     The appellant ("Father") and the appellee ("Mother") are parties to ongoing custody litigation in the Family Court. In a decision dated and docketed August 27, 2025 (the "fee decision"), the Family Court ordered Father to pay $10,790 of Mother's attorneys' fees and costs. The court found that Father acted in bad faith by filing excessive and repetitive motions, some of which contained fictitious, unverified citations as a result of Father's "hasty and reckless" use of artificial intelligence to prepare his filings.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On September 26, 2025, Father filed a notice of interlocutory appeal from the Family Court's fee decision. That same day, he filed in the Family Court an application for certification of an interlocutory appeal and a motion for relief from judgment under Family Court Rule of Civil Procedure 60(b). The Chief Deputy Clerk issued a notice directing Father to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order, including by filing the application for certification within ten days as required by Supreme Court Rule 42(c)(i). On October 7, the Family Court denied the application for certification of an interlocutory appeal; the court denied the Rule 60(b) motion on October 16.

(3)     In response to the notice to show cause, Father argues that extraordinary circumstances justify his late filing of the application for certification because his counsel moved to withdraw on September 2, 2025,[2] during the ten-day period for seeking certification, and Father acted diligently thereafter. Alternatively, Father argues that the fee decision is a collateral order that may be appealed before the custody proceeding concludes.

(4)     Supreme Court Rule 42 provides that a party must file in the trial court an application for certification of an interlocutory appeal within ten days of the entry of the order from which the appeal is sought, unless that court, in its discretion,

_____

[2] The Family Court granted the motion to withdraw on September 9.

2

extends the deadline for filing the application "for good cause shown."[3] The Family Court did not extend the deadline, and we conclude that Father has not shown good cause for his failure to timely file an application for certification.[4] Moreover, even if the application had been timely filed, interlocutory review would not be warranted. Exceptional circumstances that would merit interlocutory review of the Family Court's decision do not exist in this case, and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

(5)    We also conclude that the fee decision is not appealable under the collateral-order doctrine. Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[6] The collateral-order doctrine has been "characterized as 'a common law recognition that certain collateral orders constitute final judgments'" that may be appealed before the underlying litigation is finally resolved.[7] It "applies only to 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent

---

[3] DEL. SUPR. CT. R. 42(c)(i).

[4] *Cf. D&D Mfg., LLC v. Envirokare Composite Corp.*, 2024 WL 2270612 (Del. May 20, 2024) (refusing interlocutory appeal in which application for certification was filed fourteen days after order at issue and appellants did not establish good cause to excuse the untimely application).

[5] DEL. SUPR. CT. R. 42(b).

[6] *TransPerfect Global, Inc. v. Pincus*, 2023 WL 6991983, at *2 (Del. Oct. 20, 2023) (citing *Julian v. State*, 440 A.2d 990, 991 (Del. 1982)).

[7] *Id.* (quoting *Evans v. J.P. Court No. 19*, 652 A.2d 574, 576 (Del. 1995)).

3

of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[8] Under the collateral-order doctrine, an order is final and may be appealed without compliance with Rule 42 if it (i) determines matters independent of the issues involved in the proceeding itself, (ii) binds persons who are non-parties in the underlying proceeding, and (iii) has a substantial, continuing effect on important rights.[9] Because Father is a party to this litigation, the Family Court's fee decision does not satisfy the collateral-order doctrine.[10] Accordingly, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Schiavo v. TD Bank USA Nat'l Ass'n*, 2025 WL 1693662, at *1 (Del. June 16, 2025) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949) (alteration in original)).
[9] *Id.*; *TransPerfect*, 2023 WL 6991983, at *2.
[10] *See Schiavo*, 2025 WL 1693662, at *2 (holding that orders imposing sanctions on plaintiff-appellant for civil contempt did not satisfy collateral-order doctrine because he was a party to the litigation); *TransPerfect*, 2023 WL 6991983, at *2 (rejecting argument that order requiring party to litigation to pay fees of former custodian was appealable under the collateral-order doctrine, and dismissing appeal as interlocutory); *see also Campbell v. Eagle Force Holdings, LLC*, 2019 WL 3002937, at *2 (Del. July 9, 2019) (holding that orders finding party in contempt of status quo order and establishing deadline for party to disgorge funds were not appealable under the collateral-order doctrine and refusing interlocutory appeal).